**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LINNIE STAGGS, as administrator of the Estate of Robert E. Staggs, deceased, and MELISSA STAGGS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DOCTOR'S HOSPITAL OF MANTECA, INC., et al., <br><br> Defendants - Appellees. | No. 13-16086 <br><br> D.C. No. 2:11-cv-00414-MCE-KJN <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted June 9, 2015
San Francisco, California

Before: CHRISTEN and WATFORD, Circuit Judges, and RAKOFF,[**] District
Judge.

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]     The Honorable Jed S. Rakoff, District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

Plaintiffs have alleged sufficient facts to state a claim that the prison defendants were deliberately indifferent to Robert Staggs' medical needs.

The parties agree that Staggs had serious medical needs in the form of Hepatitis C, cirrhosis of the liver, and complications from undiagnosed liver cancer, among other ailments. The only issue is whether defendants, despite their awareness of Staggs' needs, were deliberately indifferent either in denying medical care or in providing medically unacceptable care. Plaintiffs have alleged that prison doctors continued to recommend and eventually arranged a three-pass core liver biopsy even after two hospitals refused to perform the procedure under any circumstances because of an elevated risk of internal bleeding. That fact, accepted as true, plausibly suggests that the decision to order the biopsy was "medically unacceptable under the circumstances," *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), rather than reflecting a mere "difference of medical opinion." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). This allegation adequately supports plaintiffs' claim that the prison doctors consciously disregarded a substantial risk of serious harm to Staggs. *See Toguchi v. Chung*, 391 F.3d 1051, 1059 (9th Cir. 2004). We therefore conclude that the district court erred in dismissing at the pleading stage plaintiffs' first claim for relief under 42 U.S.C. § 1983. (The court properly dismissed plaintiffs' fifth claim for relief, a ruling plaintiffs did not

challenge in their opening brief.  Thus, they waived this argument.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).)

The district court declined to exercise supplemental jurisdiction over plaintiffs' state law claims after dismissing plaintiffs' federal claims.  Given our reversal of the dismissal of plaintiffs' first claim for relief, we reinstate plaintiffs' state law claims and leave it to the district court to decide whether to exercise supplemental jurisdiction over these claims.

**REVERSED and REMANDED.**